**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BRANDY SNIDER,

        Plaintiff,

v.                                 Case No.  3:04-cv-198-J-99MMH

CINGULAR WIRELESS HEALTH
AND WELFARE BENEFITS PLAN
FOR NON-BARGAINED EMPLOYEES,
an ERISA plan and METROPOLITAN
LIFE INSURANCE COMPANY, a
foreign corporation,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

      This cause is before the Court on Plaintiff's Motion to Construe Administrative Record or for Remand and Stay (Dkt. No. 24; Motion to Remand).  Defendants oppose the Motion to Remand.  See Metropolitan Life Insurance Company's Memorandum of Law in Opposition to Plaintiff's Motion to Construe Administrative Record or for Remand and Stay (Dkt. No. 27; Opposition); Cingular Wireless Health and Welfare Benefits Plan for Non-Bargained Employees' Memorandum of Law in Opposition to Plaintiff's Motion to Construe Administrative Record or for Remand and Stay (Dkt. No. 28).[2]

---

    [1]    Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

    [2]    Cingular Wireless Health and Welfare Benefits Plan for Non-Bargained Employees's (Cingular Wireless) response essentially incorporates by reference the Opposition and presents no additional argument.

The Motion to Remand was referred to the undersigned for preparation of a report and recommendation.  See Order of Referral (Dkt. No. 29).  Accordingly, the undersigned heard oral argument on the Motion to Remand on June 15, 2005.  See Transcript of Digitally Recorded Oral Arguments on Motions Before the Honorable Marcia Morales Howard, United States Magistrate Judge (Dkt. No. 37; Tr.).  Having reviewed the file and considered arguments of counsel, the Motion to Remand is now ripe for resolution.

## I.    Background

Plaintiff was an employee of Cingular Wireless.  See Plaintiff's Notice of Filing Administrative Record Relied upon by Plaintiff in Her Motion to Construe Administrative Record and/or for Remand and Stay (Dkt. No. 25; AR) at 397; Complaint (Dkt. No. 1) ¶ 5. As an eligible employee, Plaintiff participated in the short-term disability (STD) plan.  See Opposition at 4; Complaint ¶ 2; see also Cingular Wireless Health and Welfare Benefits Plan for Nonbargained Employees (Plan) (Dkt. No. 17), filed in Case No. 3:04-cv-199-J-32HTS.[3]  According to Defendants, the STD Plan is self-funded, see Tr. at 33, 35, with the Administrative Committee of Cingular Wireless serving as the plan administrator, see SPD at 15.  Under the Plan, Defendant Metropolitan Life Insurance Company (MetLife) is the

---

[3]    At the hearing, the parties agreed that this case and Ganceres v. Cingular Wireless Health and Welfare Benefits Plan for Non-Bargained Employees, 3:04-cv-199-J-32HTS, involve the same plan.  See Tr. at 58.  The operative plan consists of the Cingular Wireless Health and Welfare Benefits Plan for Nonbargained Employees (Plan) and the March 2003 Summary Plan Descriptions (SPD).  See id.  The parties further agreed that the pertinent provisions of the Plan and SPD have been provided to the Court in Dkt. No. 17 in the Ganceres case.  See id.  Thus, while the parties did not submit a complete copy of the SPD, see Dkt. No. 17, they represented that all of the relevant provisions have been provided.  See Tr. at 58.  In addition, although Dkt. No. 17 also includes the Summary of Material Modification and the August 2002 Summary Plan Descriptions, based on the parties' representation, these provisions are not applicable.  See id.

designated claims administrator, which has been delegated the authority to make the requisite disability determinations. See Plan at 22; SPD at 13, 15.

Plaintiff alleges that on December 9, 2002, her disability began and she stopped working. See Motion to Remand at 3; Opposition at 1. While MetLife initially provided Plaintiff with STD benefits for a defined period of time, see AR at 367, 398, it denied her claim for continued benefits on April 30, 2003, see id. at 240-41. Upon receipt of the letter, Plaintiff called MetLife and spoke to a representative. See id. at 261. According to Plaintiff, the representative told her that in order to appeal the denial of STD benefits, she needed to write a letter and explain why the STD benefits should be reinstated. See id. As a result, on May 7, 2003, Plaintiff submitted a letter to MetLife and attached a statement from her doctor. See id. at 261, 361-62.

On June 10, 2003, MetLife advised Plaintiff that it would perform an independent review of her claim, see id. at 360, and on July 1, 2003, MetLife allegedly contacted Plaintiff and inquired as to whether she intended to submit any other evidence in support of her appeal, see Opposition at 6. Defendants contend that at that time, Plaintiff indicated that she wanted MetLife to review her appeal. See id. at 6-7. Consequently, MetLife evaluated Plaintiff's appeal and upheld the denial of her claim on July 15, 2003. See AR at 345-47.

After reviewing MetLife's decision, Plaintiff retained her current attorney. See id. at 261. On August 5, 2003, Plaintiff's attorney requested that MetLife provide a copy of the Plan and claim file as well as grant Plaintiff 180 days to perfect an appeal. See id. at 336. MetLife informed Plaintiff on September 4, 2003, that she had exhausted her administrative remedies and that no further appeals would be considered. See id. at 320. Nonetheless,

on September 11, 2003, Plaintiff again requested 180 days to perfect an appeal.  <u>See</u> <u>id.</u> at 326-27.   Plaintiff also requested additional time on October 10, 2003, when she submitted supplemental medical records to MetLife.  <u>See</u> <u>id.</u> at 316-19.  In response, MetLife informed Plaintiff on October 16 and 27, 2003, that she had exhausted her administrative remedies and that the Plan only provided for one appeal.  <u>See</u> <u>id.</u> at 252. Plaintiff continued to submit medical records on November 7 and 24, 2003.  <u>See</u> Motion to Remand at 7-8; AR at 210.

On December 3, 2003, MetLife sent a letter to Plaintiff indicating that her claim had been referred for independent review.  <u>See</u> AR at 206.  Plaintiff responded on December 9, 2003, stating that she was obtaining additional records.  <u>See</u> <u>id.</u>  While Plaintiff submitted additional documents on December 17, 2003, <u>see</u> <u>id.</u> at 131, Cingular Wireless advised Plaintiff on December 23, 2003, that she had been provided her one appeal under the plan and no further appeals would be permitted, <u>see</u> <u>id.</u> at 109.[4]  Nonetheless, Plaintiff continued to provide additional records on January 9, 16, 24, and 27, 2004 and February 11, 2004. <u>See</u> Motion to Remand at 8; AR at 88, 107, 110-11, 126.

On February 12, 2004, Plaintiff requested a decision on the independent review allegedly undertaken on December 3, 2003.  <u>See</u> AR at 82-83.  In response to that letter, MetLife told Plaintiff that her administrative remedies for the STD claim were exhausted on July 15, 2003, and that no further appeals would be considered.  <u>See</u> <u>id.</u> at 75.  Plaintiff filed her Complaint on March 18, 2004.  Despite doing so, Plaintiff continued to submit

---

[4]        Cingular Wireless copied MetLife on this letter.  <u>See</u> AR at 109.

medical records on April 29, 2004.  See AR at 50.  She filed the Motion to Remand on

November 29, 2004.

## II.      Summary of Argument

In the Motion to Remand, Plaintiff requests that the Court construe the administrative

record to include the medical records submitted after the administrative appeal but prior to

the filing of this lawsuit.  See Motion to Remand at 2.  In support of this request, Plaintiff

contends that she complied with the procedure suggested in Vega v. National Life

Insurance Services, Inc., 188 F.3d 287 (5th Cir. 1999), and the Vega case would permit

consideration of the additional evidence.  See Motion to Remand at 3, 11-13.

Alternatively, Plaintiff asks the Court to stay this case and remand it to the

administrator so that the administrator can consider these additional records.  See id. at 3;

Tr. at 61.[5]  Indeed, she asserts that Eleventh Circuit authority requires that this case be

remanded.  See Tr. at 60-61.  While Plaintiff acknowledged at the hearing that remand may

not be an appropriate remedy in every instance in which a plaintiff has additional evidence

that he or she would like considered by the administrator, she asserts this case presents

special circumstances that support remand.  See id. at 61-62.  In particular, Plaintiff cites

to the fact that she submitted the additional evidence to the plan administrator before filing

suit and requested consideration of it; she detrimentally relied on MetLife's statement on

---

[5]      Plaintiff also contends that she should be excused from further exhausting her administrative remedies with regard to her claim for long-term disability (LTD) benefits or, alternatively, that the case should be remanded so that Plaintiff may properly exhaust her administrative remedies.  See Motion to Remand at 1-3.  This issue will not be addressed in this Report and Recommendation, but rather will be the subject of a separate report and recommendation.  This Report and Recommendation only addresses the issues relating to Plaintiff's STD claim.

December 3, 2003, that it would review her claim again; her belief that MetLife denied her a meaningful administrative appeal; and MetLife's alleged failure to conduct a good faith investigation.  See id. at 63-65, 93-94; see also Motion to Remand at 10.

## III.   Discussion

### A.   Applicability of Vega

Plaintiff's counsel conceded at the hearing that he was only asking that the Court stay this case and remand it to MetLife for consideration of the additional evidence.  See Tr. at 60.  Nonetheless, he continued to argue that the Vega decision and the procedure suggested therein should be followed by this Court.  Accordingly, the undersigned must first determine whether the Vega procedure applies in this matter.

Plaintiff argues that the Fifth Circuit's decision in Vega is applicable, see Motion to Remand at 10-12; Tr. at 66, and that because she complied with the procedure set forth in Vega, the record should include all evidence submitted to the administrator in accordance with that procedure.  See Motion to Remand at 20; see also Tr. at 66-68. Defendants, on the other hand, assert that Vega is not applicable.  See Tr. at 75-76; Opposition at 13-15.

In an en banc decision, the Fifth Circuit in Vega concluded that "the district court is precluded from receiving evidence to resolve disputed material facts – i.e., a fact the administrator relied on to resolve the merits of the claim itself."  188 F.3d at 299.  However, it also proposed a procedure by which a claimant could submit additional records after the administrator has made its final decision.  See id. at 300.  It stated,

Before filing suit, the claimant's lawyer can add additional evidence to the administrative record simply by submitting it to the administrator in a manner that gives the administrator a fair opportunity to consider it. . . .  If the claimant submits additional information to the administrator, however, and requests the administrator to reconsider his decision, that additional information should be treated as part of the administrative record.  Thus, we have not in the past, nor do we now, set a particularly high bar to a party's seeking to introduce evidence into the administrative record.

We hold today that the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it.  Thus, if the information in the . . . affidavits [at issue] had been presented to [the administrator] before filing this lawsuit in time for their fair consideration, they could [have been] treated as part of the record.  Furthermore, in restricting the district court's review to evidence in the record, we are merely encouraging attorneys for claimants to make a good faith effort to resolve the claim with the administrator before filing suit in district court;  we are not establishing a rule that will adversely affect the rights of claimants.

In the light of our precedent and the abuse of discretion standard set forth in Bruch, we will not permit the district court or our own panels to consider evidence introduced to resolve factual disputes with respect to the merits of the claim when that evidence was not in the administrative record. We therefore stand by our precedent and reaffirm that, with respect to material factual determinations--those that resolve factual controversies related to the merits of the claim--the court may not consider evidence that is not part of the administrative record.

Id. (citation and footnote omitted).  Despite proposing a framework to allow consideration of additional evidence, the court declined to consider the Vega plaintiff's new evidence because it was submitted after filing the complaint.  See id. at 290, 295, 300 n.10.

The undersigned is not convinced the Vega procedure would be adopted in any form in this Circuit for the following reasons.  First and foremost, to the extent that Vega suggests that the Court should expand the administrative record and consider evidence that was not before the administrator when applying a heightened arbitrary and capricious

standard of review, see id. at 300, that proposition is contrary to Eleventh Circuit law, see

Jett v. Blue Cross & Blue Shield of Ala., Inc., 890 F.2d 1137, 1140 (11th Cir. 1989) (holding

that a district court's review should be limited to information available to the administrator

at the time of the decision); see also Lee v. Blue Cross/Blue Shield of Ala., 10 F.3d 1547,

1550, 1552 (11th Cir. 1994).

Next, the portion of the Vega opinion suggesting the procedure for consideration of

additional evidence is mere dicta.  See Needham v. Tenet Select Benefit Plan, No. Civ.A.

02-3291, 2004 WL 193131, at *7 (E.D. La. Jan. 30, 2004) (recognizing the portion of the

Vega opinion setting forth the procedure Plaintiff urges this Court to adopt is dicta); see

also United States v. Matthews, Case No. 03-15528, 2005 WL 1334341, at *14 (11th Cir.

June 8, 2005) (defining dicta as "address[ing] a hypothetical case that was not before the

court").  With regard to the applicability of dicta, the Eleventh Circuit has observed:

> "Somewhat like statements in a law review article written by a judge, or a
> judge's comments in a lecture, dicta can be used as a vehicle for offering to
> the bench and bar that judge's views on an issue, for whatever those views
> are worth.  The persuasiveness of the rationale given can increase the
> weight accorded those views, but the fact that the views are formed and put
> forward in a context of a case in which they do not matter will always subtract
> from the weight given them."

Id. at *14 n.17 (quoting McDonald's Corp. v. Robertson, 147 F.3d 1301, 1315 (11th Cir.

1998) (Carnes, J., specially concurring)).

The Court finds that the dicta in Vega should be given little persuasive value.  At the

hearing, Plaintiff acknowledged that there are no cases in this Circuit applying the Vega

procedure to allow the consideration of additional evidence submitted after the final

administrative appeal.  See Tr. at 68-69.  While Plaintiff suggested that Jett and Shannon

v. Jack Eckerd Corp., 113 F.3d 208 (11th Cir. 1997), have ratified the Vega procedure, see Motion to Remand at 9-11; Tr. at 68, those cases were decided well before Vega and do not suggest that a similar procedure would be employed in this Circuit.  In addition, Plaintiff pointed to the unpublished decisions of Nunley v. Hartford Life & Accident Insurance Co., Case No. 1:03cv25 MMP (N.D. Fla. Sept. 17, 2003), and Lee v. Liberty Life Assurance Company of Boston, 3:01-cv-461-J-32TEM (M.D. Fla. Jan. 7, 2003).   See Notice of Supplemental Authority to Be Argued at Oral Argument (Dkt. No. 33; Notice); Tr. at 69-72. However, in Nunley, there was no discussion of Vega, see Notice Ex. 5, and in Lee, this Court specifically refused to decide the issues relating to the applicability of Vega,  see Notice Ex. 3 at 17 n.6.  Therefore, these decisions do not support Plaintiff's position.

Moreover, while other decisions in the Fifth Circuit since Vega have restated the suggested procedure, none have actually applied the dicta to permit consideration of evidence submitted after the final administrative appeal or remanded the case to the administrator based on this evidence.[6]  See Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 215 F.3d 516, 521-22 & n.5 (5th Cir. 2000) (finding that the district court improperly considered extraneous evidence submitted during the trial); Barnickel v. UNUM Life Ins. Co. of Am., No. Civ.A. 04-0633, 2004 WL 2496213, at **1, 3 n.13 (E.D. La. Nov. 5, 2004) (finding that the plaintiff never submitted the evidence to the administrator); Tilton v. Aetna U.S. Healthcare, No. Civ.A. 00-0032, 2000 WL 869501, at *3 (E.D. La. June 29, 2000) (indicating the documents at issue were submitted after the lawsuit was filed); Dew

---

[6]     Plaintiff did not cite any subsequent Fifth Circuit decisions and the undersigned's own research failed to reveal any such decisions. See Tr. at 63.  In addition, Defendants asserted at the hearing that there are no decisions applying the dicta in Vega.  See id. at 75-76.

v. Metropolitan Life Ins. Co., 69 F. Supp. 2d 898, 903 n.7 (S.D. Tex. 1999) (excluding evidence from the record that was not submitted to the administrator).  Indeed, at least one court in the Fifth Circuit expressed grave reservations in employing this procedure when it was confronted with the issue of whether evidence submitted to the administrator after the final appeal should be considered part of the administrative record.  See Needham, 2004 WL 193131, at **7-8.  That case involved very similar circumstances to the one at hand.  See id. at **3-5.  The court opined, "Were this [c]ourt seated in a different circuit, the [c]ourt would be confident in excluding from its review any materials submitted to [the administrator] after . . . the date on which [the administrator] issued its decision denying plaintiff's appeal."  Id. at *7.  In expressing its discontent with the Vega decision, the court emphasized that the dicta provided very little guidance for employing the scheme in future cases.  See id.  The court ultimately refused to apply the procedure because the additional evidence would not have effected the outcome.  See id. at *8.  Thus, the court reversed the administrator's decision based solely on the record before the administrator at the time of its final decision.  See id.  The foregoing establishes that there appears to be little support for the application of the scheme announced in Vega.

Differences in the standard of review employed by the Fifth Circuit and the Eleventh Circuit also indicate that the Vega procedure is both inapplicable and unnecessary in the Eleventh Circuit.  See Vega, 188 F.3d at 298.  The Vega opinion suggests that its motivation in creating a procedure that permits a plaintiff to submit additional evidence for the court's consideration is the "concern that a self-interested administrator can manipulate [the] process unfairly (e.g., by permitting the administrator to exclude from the record

information that would weigh in favor of granting the claim)." Id. at 300.  However, the Eleventh Circuit has specifically considered what evidence should be evaluated when there is a self-interested administrator and, unlike Vega, found no need to create a special procedure for the submission of additional medical records or other evidence relating to the merits of the claim for benefits.  See Lee, 10 F.3d at 1550, 1552; see also Featherston v. Metropolitan Life Ins. Co., 223 F.R.D. 647, 655, 657-58 (N.D. Fla. 2004); Parness v. Metropolitan Life Ins. Co., 291 F. Supp. 2d 1347, 1356-57 (S.D. Fla. 2003); Johnson v. N.Y. Life Ins. Co., No. 00-CV-210, 2001 WL 1736879, at *5 n.4 (M.D. Fla. Aug. 31, 2001).

A district court in the Fourth Circuit employed a similar analysis to find that the scheme proposed in Vega was not applicable.  See Barnes v. BellSouth Corp., No. Civ.A. 1:03CV16, 2003 WL 22399567, at **8-9 (W.D.N.C. Oct. 20, 2003).  The district court in Barnes refused to apply Vega because the decision was not binding and the Fourth Circuit precedent indicated that the court's review of an administrator's decision under the heightened arbitrary and capricious standard "is limited to the evidence before the plan administrator at the time when he made his decision." Barnes, 2003 WL 22399567, at *9. Therefore, the court refused to consider evidence submitted to the administrator after its final decision.  See id. at **8-9.  The Eleventh Circuit has similarly stated that the Court, in evaluating an administrator's decision under the heightened arbitrary and capricious standard of review, should only consider evidence that was before the administrator at the time of its decision.  See Lee, 10 F.3d at 1550, 1552; see also Parness, 291 F. Supp. 2d at 1356-57.  Thus, the decision in Barnes further supports this Court's rejection of the Vega procedure.

-11-

For all of the foregoing reasons, the undersigned finds, despite Plaintiff's argument to the contrary, the scheme announced in <u>Vega</u> is not applicable in this case.

**B.      Whether Remand Is Warranted**

Having found <u>Vega</u> inapplicable to this case,[7] the Court must next consider whether Eleventh Circuit authority otherwise requires that this case be remanded for consideration of Plaintiff's additional evidence.  Plaintiff suggests that <u>Jett</u> would support remanding the case, prior to a determination on the merits of the STD claim, for consideration of additional evidence.  <u>See</u> Motion to Remand at 18.  In <u>Jett</u>, after determining that the district court improperly considered information that was not before the administrator at the time of the final decision, the Eleventh Circuit Court of Appeals remanded the matter to the district court for reconsideration with the instructions that the court should only consider evidence presented to the administrator.  <u>See</u> 890 F.2d at 1140.  In doing so, the court hypothesized,

> Should [the plaintiff] wish to present additional information that might affect the determination of eligibility for benefits, the proper course would be to remand to [the administrator] for a new determination: "As a general matter a court should not resolve the eligibility question on the basis of evidence never presented to [an ERISA plan's administrator] but should remand to the [administrator] for a new determination."

---

[7]      To the extent that Plaintiff's argument could be construed as asserting that the <u>Vega</u> decision would support remanding this matter to the administrator for consideration of the additional evidence, that argument is rejected.  Courts in the Fifth Circuit, interpreting <u>Vega</u>, have explicitly held that the Fifth Circuit foreclosed the use of remand as a mechanism to add evidence to the administrative record.  <u>See</u> <u>McClure v. Vice President, Human Res., Union Carbide Corp.</u>, No. Civ.A. H030054, 2005 WL 1214645, at *5 (S.D. Tex. May 20, 2005); <u>House v. Am. United Life Ins. Co.</u>, No. Civ.A. 02-1342, 2002 WL 31729483, at *5 (E.D. La. Dec. 3, 2002).

Id. (quoting <u>Wardle v. Cent. States, S.E. & S.W. Areas Pension Funds</u>, 627 F.2d 820, 824 (7th Cir. 1980)).  However, this statement[8] does not require remand in every case in which one party unilaterally wishes to submit additional evidence to an administrator.  <u>See</u> <u>Levinson v. Reliance Standard Life Ins. Co.</u>, 245 F.3d 1321, 1330 (11th Cir. 2001).  Indeed, Plaintiff, in this case, conceded at the hearing that remand under <u>Jett</u> may not be appropriate in every case, but she asserted that when exceptional circumstances are present, remand should be required.  <u>See</u> Tr. at 60-62.  Plaintiff cites no authority for this proposition and no explanation of what exceptional circumstances might be sufficient. Moreover, the circumstances she cites in the case at bar do not warrant remand at this time.

Plaintiff contends that remand is appropriate in this case because she submitted the additional records, which are now at issue, after the administrator's final decision but before she filed her lawsuit.  <u>See</u> <u>id.</u> at 61-62.  Plaintiff argues that she gave MetLife a fair opportunity to consider this evidence.  <u>See</u> <u>id.</u> at 63-65.  However, this is not a sufficient reason to warrant remand.  First, as stated above, Plaintiff recognized that merely submitting documents before filing suit does not necessitate remand in every case.  <u>See</u> <u>id.</u> at 61.  More importantly, if the Court were to find that simply submitting documents before filing suit was sufficient to warrant remand, it would be allowing Plaintiff to subvert

---

[8] The Court notes that this statement also appears to be dicta.  The court in <u>Jett</u> found that the district court inappropriately considered new evidence, but it did not require the district court to remand the case to the administrator for consideration of that evidence.  <u>See</u> 890 F.2d at 1140. As discussed <u>supra</u>, dicta is not binding on this Court and may hold little persuasive value.  <u>See</u> <u>Matthews</u>, 2005 WL 1334341, at *14.  Thus, the statement in <u>Jett</u> does not require the Court to remand the case merely because the plaintiff desires to submit additional evidence to the administrator.

the explicit terms of the Plan by providing this Plaintiff with subsequent administrative appeals not provided for in the terms of the Plan and not given to other participants.  See Plan at 12-16; SPD at 15.  Such a result would undermine the uniformity goal of ERISA. See Horton v. Reliance Standard Life Ins. Co., 141 F.3d 1038, 1041 (11th Cir. 1998) (per curiam).

In addition, accepting Plaintiff's suggestion would promote uncertainty and a lack of finality.  As recognized by the Needham court, Plaintiff's position leaves open the question of: "At what point, if any, may an administrator close its file and simply refuse to consider new evidence?" 2004 WL 193131, at *7.  Plaintiff's position would require an administrator to reconsider its decision every time a new document was submitted or face the prospect of remand by the court to consider such evidence and re-evaluate its decision.  This would certainly be a costly procedure and would further undermine the goals of ERISA.  See Horton, 141 F.3d at 1041.  Consequently, the simple fact that Plaintiff submitted additional evidence after the final decision and in advance of filing suit does not justify remand in this case.

Next, Plaintiff suggests that the fact that MetLife informed her on December 3, 2003, almost six months after notification of the result of her final appeal, that it would be conducting an independent review of the file warrants remand.  See Motion to Remand at 12-13.  According to Plaintiff, this letter suggests that MetLife was granting her a second appeal, although the Plan only provided for one appeal, and she asserts that she detrimentally relied on this letter.  See id. at 13.  Plaintiff, however, cannot show that she

reasonably relied on MetLife's December 3, 2003 representation and cannot seek to alter the terms of the Plan based upon detrimental reliance.

In the denial of Plaintiff's appeal on July 15, 2003, MetLife informed Plaintiff that she had exhausted her administrative remedies and no further appeals would be permitted. See AR at 345-47.  On September 4, 2003 and October 16, 2003, it again informed Plaintiff that no further appeals would be permitted.  See id. at 252, 320.  While MetLife did indicate on December 3, 2003, that Plaintiff's claim had been referred for independent review and that a new decision would be provided, see id. at 206, Cingular Wireless informed Plaintiff on December 23, 2003, that she had completed the one appeal, permitted under the Plan, and that no further appeals would be allowed, see id. at 109.  Furthermore, MetLife notified Plaintiff again on February 19, 2004, that she had been afforded her one level of appellate review and that no further appeals would be permitted.  See id. at 75.  Thus, MetLife's position has been consistent with one exception.  That one deviation was quickly corrected on December 23, 2003, and February 19, 2004.  See id. at 75, 109.  Accordingly, Plaintiff's argument that she relied on MetLife's statement that it would re-evaluate its decision does not appear to be reasonable.

Moreover, Plaintiff has failed to establish that her alleged reliance was detrimental. Her only argument in support of this position was that she had to obtain additional records. See Motion to Remand at 16.  However, Plaintiff continued to obtain records even after MetLife reconfirmed on February 19, 2004, that it was not granting Plaintiff another appeal. See AR at 50.  In addition, merely having to obtain additional records does not establish a detriment or change in position.  Even if it did, the Eleventh Circuit has held that a plaintiff

may not use the doctrine of equitable estoppel to modify or amend an employee benefit plan when the plan is unambiguous. See Novak v. Irwin Yacht & Marine Corp., 986 F.2d 468, 472 (11th Cir. 1993); see also Nachwalter v. Christie, 805 F.2d 956, 960 (11th Cir. 1986) (finding that "Congress expressly prohibited informal written amendments of ERISA plans"); Umano v. W.C. Robinson & Assocs., Inc., 352 F. Supp. 2d 1259, 1264 (S.D. Fla. 2004).  Plaintiff's position would require the Plan to be amended or modified to permit additional appeals whenever a plan participant submits additional information.  The Plan clearly provides that Plaintiff is entitled to one appeal only, and Plaintiff does not suggest that this language is ambiguous.  See Plan at 12-16.  Accordingly, Plaintiff's argument that she is entitled to remand because she detrimentally relied on MetLife's December 3, 2003 letter is unavailing.

Third, Plaintiff contends that she was denied a meaningful appeal because MetLife's letter denying her claim for benefits was insufficient.  See Motion to Remand at 14; Tr. at 89.  An incomplete denial letter does not warrant remand at this stage of the litigation.[9]

Indeed, the cases cited by Plaintiff in support of her position do not establish that remand would be appropriate in this case.  See Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1316 (11th Cir. 2000); Counts v. Am. Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997).  These cases both involved the issue of whether the plaintiffs, neither of whom had pursued an appeal of the unfavorable decision in accordance with the applicable plan, exhausted their administrative remedies.  See Perrino, 209 F.3d at 1315-

---

[9]    Instead, if the administrator deprived Plaintiff of a meaningful appeal by issuing an insufficient denial letter, that decision could be found to be arbitrary and capricious upon the Court's review of the merits of the STD claim.

16; Counts, 111 F.3d at 108.  In Counts, the court acknowledged that a deficient denial letter would generally warrant that the case be remanded to permit the claimant to exhaust his or her administrative remedies.  See 111 F.3d at 108.  Similarly, in Perrino, the court found that the case should be remanded for an out-of-time appeal due to the administrator's technical noncompliance with the regulations.  See 209 F.3d at 1317-18.  The case at hand does not involve the issue of exhaustion, and Plaintiff, unlike the plaintiffs in Counts and Perrino, did seek review of the initial decision and exhausted her administrative remedies.  These cases simply do not support Plaintiff's position.  There is no indication in these cases that when an individual actually exhausts his or her administrative remedies, he or she is entitled to pursue another appeal on remand due to a deficient denial notice.[10]

Finally, Plaintiff asserts that Defendants failed to conduct a good faith investigation of her claim and suggests that the case should be remanded for that reason.  See Motion

---

[10]     At the hearing, Plaintiff's counsel indicated that the denial letter was insufficient because the only reason for the denial was a lack of objective medical evidence.  See Tr. at 92-93; see also AR at 261.  Plaintiff complained that the letter did not define "objective medical evidence" or sufficiently explain why the claim was denied or what additional evidence was needed.  See Tr. at 63, 91-94, 104-05; see also AR at 261.  While the letter does state that "[y]our claim is being denied because there is no objective medical evidence to support your absence from work," Plaintiff failed to acknowledge that the letter also provides:

> After reviewing the Attending Physician Statement, signed by Dr. Disclafani on April 16, 2003, the medical provided is not supportive of significant functional impairments preventing you from being able to return to work as a Customer Service Representative.  The medical provides minimal objective findings that support functional impairments.  There also have been no physical exam findings to support continued functional impairments.  Therefore your extension of benefits on this claim has been denied.

AR at 240.  Thus, although it need not decide whether this letter is insufficient, the Court notes that Plaintiff's argument fails to acknowledge the other information contained in the letter and explain why this information is insufficient.

to Remand at 15-17.  However, Plaintiff cites no authority that would support remanding the case at this stage of the proceeding based upon an allegedly insufficient investigation. Instead, Plaintiff again cites the Eleventh Circuit decisions in <u>Counts</u> and <u>Perrino</u>.  Yet, as discussed above, those cases are not applicable.  In addition, Plaintiff cites to <u>Shannon</u> in support of her position, <u>see</u> Motion to Remand at 18, but in that decision, the court remanded the case to the administrator to consider new evidence only after finding that the administrator's decision was arbitrary and capricious.  <u>See</u> 113 F.3d at 210.  As a result, these cases do not support remand prior to a determination on the merits of the STD claim. If the Court found, in considering Plaintiff's appeal of the STD determination, that the administrator failed to investigate Plaintiff's claim in good faith, then the Court could conclude that the administrator's decision was arbitrary.  <u>See</u> <u>Brown v. Blue Cross & Blue Shield of Ala., Inc.</u>, 898 F.2d 1556, 1566 n.11 (11th Cir. 1990); <u>see also</u> <u>Potter v. Liberty Life Assurance Co. of Boston</u>, No. 03-16373, 2005 WL 1163628, at *5 (11th Cir. May 18, 2005); <u>Shannon</u>, 113 F.3d at 210.  However, Plaintiff's allegation that Defendant failed to conduct a good faith investigation does not warrant remand at this stage of the proceeding.[11]

Therefore, the undersigned concludes that remand is not proper at this preliminary stage and that the circumstances noted by Plaintiff do not warrant remand for consideration of the evidence submitted after the final appeal.

---

[11]   In reaching this conclusion, the undersigned does not comment on the merits of Plaintiff's assertion as this is an issue that is better reserved for resolution upon the filing of the summary judgment motion and should not be disposed of at this stage of the proceedings.

## RECOMMENDATION

In light of the foregoing, it is hereby **RECOMMENDED**:

1.  Plaintiff's Motion to Construe Administrative Record or for Remand and Stay (Dkt. No. 24) should be **DENIED**.[12]

2.  As the record filed by Plaintiff, see Plaintiff's Notice of Filing Administrative Record Relied upon by Plaintiff in Her Motion to Construe Administrative Record and/or for Remand and Stay (Dkt. No. 25), does not accurately reflect the record that was before the administrator at the time of the final appeal, the parties should be given **ten (10) days** to confer and file the appropriate administrative record, which should be limited to the materials before the plan administrator at the time of the final decision.

**ENTERED** at Jacksonville, Florida, this 26th day of July, 2005.

**MARCIA MORALES HOWARD**
United States Magistrate Judge

---

[12]   To the extent that Plaintiff seeks a determination on whether her claim for LTD can be included in this lawsuit, see Motion to Remand at 1-3, 17, the Court should reserve ruling on this issue as it is the subject of a separate report and recommendation.

lc1

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

All Counsel of Record
Pro Se Parties