**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRANDY SNIDER,

                Plaintiff,

vs.                                              Case No. 3:04-cv-198-J-99MMH

CINGULAR WIRELESS HEALTH
AND WELFARE BENEFITS PLAN
FOR NON-BARGAINED EMPLOYEES,
an ERISA Plan and METROPOLITAN
LIFE INSURANCE COMPANY,
a foreign corporation,

                Defendants.

_____

**ORDER**

This ERISA case is before the Court on Plaintiff's Motion to Construe Administrative Record or For Remand and Stay (Doc. 24), to which both defendants filed responses in opposition (Docs. 27, 28). At the undersigned's request, the Honorable Marcia Morales Howard, United States Magistrate Judge, issued two Reports and Recommendations (Docs. 39, 40), each addressing different aspects of plaintiff's motion, and recommending that the Court deny all the relief sought by plaintiff in this motion.[1] Plaintiff filed objections to the Reports and Recommendations (Docs. 51, 52) and defendants filed joint responses (Docs. 54, 55).

Plaintiff Brandy Snider, a former Cingular Wireless employee, filed suit against Cingular Wireless Health and Welfare Benefits Plan for Non-Bargained Employees

---

[1] The Magistrate Judge's second Report and Recommendation (Doc. 40) also addressed a motion raised in another case, Ganceres v. Cingular, 3:04-cv-199-J-99HTS, a suit brought by another former Cingular Wireless employee against the same defendants.

("Cingular"), an ERISA plan, and Metropolitan Life Insurance Company ("MetLife"), the Plan Administrator, seeking damages against Cingular for wrongfully withholding copies of Snider's claim file and Plan documents (Count I), seeking damages against Cingular for denying Snider's claim for disability benefits (Count II), seeking equitable relief against Cingular in the form of a remand for a re-evaluation of her claim for short and long term disability benefits (Count III), seeking damages against MetLife for denying Snider's claim for disability benefits (Count IV), seeking equitable relief against MetLife in the form of a remand for re-evaluation of her claim for short and long term disability benefits (Count V) and seeking injunctive relief against Cingular to compel Cingular to provide claim forms to Snider and to otherwise assist her in completing her claim for long term disability benefits (Count VI).  See Doc. 1, Complaint.

There are two issues raised by Snider's motion.[2]

First, Snider seeks to have the Court consider as part of the administrative record medical records that Snider submitted to MetLife after July 15, 2003 (the date MetLife denied an appeal of the Plan Administrator's decision to deny Snider continued short term disability benefits) but before plaintiff filed suit on March 18, 2004. Plaintiff alternatively asks the Court to stay this case while remanding to the Plan Administrator for a re-evaluation of plaintiff's claim considering this additional medical evidence. In her Report and Recommendation, the Magistrate Judge recommended denying both proposed courses of action, concluding that

---

[2]The argument within the motion is focused exclusively on the first issue.  However, the parties agree that the second issue is a component of Snider's motion as well and was argued in Ganceres' brief, in defendants' responses in both cases, and at oral argument before the Magistrate Judge.

2

under the facts of this case and applicable Eleventh Circuit authority, this Court should neither consider the additional medical records,[3] nor should it stay and remand this case for consideration of those records by the Plan Administrator.  Plaintiff raises several objections to the Report and Recommendation.  The undersigned has now independently reviewed the parties' briefs and the relevant case law and finds that all of Snider's objections are due to be overruled.  The Magistrate Judge's framing of the issues, characterization of the facts before her, analysis of the Vega decision[4] vis-a-vis the facts of this case and the Eleventh Circuit authority, and her consideration of plaintiff's entitlement to a remand at this stage (prior to a determination on the merits of the STD claim) are sound and will not be disturbed by the undersigned.

The second issue present in both this case and Ganceres, which was narrowed by the parties during oral argument before the Magistrate Judge, is whether defendants' decision finding Snider ineligible for long term disability benefits for failing to exhaust short term disability benefits is arbitrary and capricious.  The Magistrate Judge found that the Plan Administrator was not arbitrary and capricious in interpreting the Plan language to require a Plan participant to exhaust short term disability benefits before becoming eligible for consideration for long term disability benefits.  Snider raises several objections to the Magistrate Judge's conclusions about the Plan language.

---

[3]In her objections, plaintiff concedes that she is no longer asking the Court to consider these medical records without first remanding for consideration by the Plan Administrator.

[4]Vega v. National Life Insurance Services, Inc., 188 F.3d 287 (5th Cir. 1999).

Upon review, the undersigned has determined not to act on the Magistrate Judge's Report and Recommendation on this issue, but rather to conduct a telephone status hearing on how the case should now proceed, addressing particularly the question of whether review of the LTD issue is premature, given that the Plan Administrator's decision regarding plaintiff's entitlement to STD benefits appears to remain as an issue in this case that has yet to be determined.

Accordingly, upon independent review, it is hereby

**ORDERED**:

1. Plaintiff's Objections (Doc. 51) to the Report and Recommendation (Doc. 39) are **OVERRULED** and the Report and Recommendation issued by the Magistrate Judge (Doc. 39) is **ADOPTED** in full as the opinion of the Court.

2. Plaintiff's Motion to Construe Administrative Record or For Remand and Stay (Doc. 24) is **DENIED**.

3. By separate notice, the Court will schedule a telephone status conference in both this case and Ganceres.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of September, 2005.

s.

Copies:

Honorable Marcia Morales Howard
United States Magistrate Judge

counsel of record

TIMOTHY J. CORRIGAN
United States District Judge